LEMMON, Judge.
This is a suit by a general insurance agency against an insurance broker, asserting defendant’s liability for payment of insurance premiums on two policies placed through plaintiff’s agency.[1] Plaintiff has *855 appealed from a judgment dismissing its suit after a trial on the merits.
The parties began their association in April, 1976, and defendant placed insurance for several customers through plaintiff’s agency. In May defendant contacted plaintiff concerning marine insurance for Louisiana Coastal Boat Service, Inc. (Coastal), a corporation owned by defendant’s cousin. After obtaining a survey and contacting numerous companies, plaintiff obtained coverage (effective in July), and the policy was received on July 19. The premium was higher than expected, and Coastal, with defendant’s intercession, requested a premium financing arrangement, which plaintiff arranged through its bank. Coastal paid 25% of the premium and executed a promissory note for the balance, payable to the bank. In accordance with the bank’s requirement plaintiff’s president endorsed the note, individually, and the bank with Coastal’s approval paid the loan proceeds to plaintiff, who then remitted to the insurancé company the premium due on the policy.
In the meantime defendant had gone into the securities business and on June 6 had notified plaintiff he would not be submitting any more business. He turned over his renewals and servicing of clients to plaintiff.
Coastal never made any monthly payments on the note, and plaintiff’s officer paid one payment in September and ultimately paid off the balance in November. Plaintiff further caused the policies to be cancelled and after giving credit for the return premium, obtained a judgment against Coastal. When collection efforts were unsuccessful, plaintiff filed this suit against the broker.
Plaintiff’s officers testified that defendant verbally agreed at the inception of their association to “be responsible for collection of the premium and remission of the premium through us” on each policy placed through the agency. Defendant denied any specific agreement on this point, but expert evidence established that brokers writing insurance through general agencies are responsible for the payment of the premiums due for that insurance.
Nevertheless, this record clearly establishes that the premiums on the insurance issued to Coastal were paid to plaintiff with the proceeds of Coastal’s bank loan and that plaintiff paid the premium to the insurer. The debt for insurance premiums due by Coastal, for which defendant was allegedly responsible as broker, was therefore extinguished by payment. The new debt concurrently created was owed by Coastal to the bank with plaintiff’s officer also responsible solely because he endorsed the note evidencing the debt.[2] No basis has been shown, however, for any responsibility for the new debt on the part of defendant.
Perhaps plaintiff intended for defendant to be responsible for the loan whose proceeds were used to pay the insurance premiums, but plaintiff did not require defendant to endorse the note, or to execute a contract of indemnity as to plaintiff’s endorsement, or to execute an instrument promising to pay the debt of a third party (Coastal). Moreover, when the payments on the loan were not paid as they became due, plaintiff delayed until November 19, 1976 before requesting cancellation of the policy and obtaining return of the unused premium, when earlier cancellation could have avoided or minimized any loss resulting from Coastal’s failure to pay the loan installments.
Unfortunately for plaintiff, it was legally obligated to pay Coastal’s loan and thereby incurred a loss. Nevertheless, plaintiff has shown no basis for recovering this loss from defendant, and plaintiff must be relegated to seek recovery from Coastal, against whom it has already obtained a judgment.
*856 The second claim involved a policy on which the premium was originally paid, but an additional $37.00 was charged when the company discovered special usage of the insured’s automobile. Defendant had left the insurance business by the time the additional amount was billed (and in fact was in training in New York), having notified plaintiff of his status and turned over his accounts. Under these circumstances defendant cannot be held liable for the insured’s failure to pay the additional premium, particularly since plaintiff handled the billing and could have avoided the loss by cancelling the policy for non-payment.
AFFIRMED.

. A general agent is a party who deals directly with the insurance company represented by the agent. A broker is a party who supplies business to a general agent, who then forwards the business to the insurance company that issues the policy.

. Plaintiffs expert described the customary financing agreement in which the bank, the insured and the insurance broker enter into a three-party contract without a note, with the bank having recourse against the broker in the event of default. The broker thus gets the benefit of the business and can protect himself against loss in case of non-payment by having the policy cancelled.